Welles, J.
(Dissenting.) — The insurance was on the plaintiffs’ “stock as rope-manufacturers, &c., contained in the brick building, with tin roof, occupied as a storehouse, situated on the northerly side of, and about forty-two feet from, the ropewalk at Bushwick, L. I.” It is contended, that this amounted, to a warranty on the part of the plaintiffs, that the building in which the property insured was situated, was a storehouse strictly and simply, and that it was used, and was and should be occupied as such, and for no other ^purpose. But it r ^ seems to me quite clear, that the clause referred *- to did not constitute a warranty to the extent contended for. In a subsequent portion of the policy, it is pro *377 vided, that in. case the buildings in question should, at any time after the making and during the time the policy would otherwise continue in force, be appropriated, applied or used to or for the purpose of carrying on or exercising therein any trade, business or vocation denominated hazardous or extra hazardous, or specified in the memorandum of special rates, &c., then and from thenceforth, and so long as the same should be so appropriated, applied or used, the policy should cease and be of no force or effect. The parties, therefore, settled the question by stipulation, as to the uses to which the building might be appropriated, expressly agreeing what should be prohibited and leaving the plaintiffs at liberty, as I think, to use the building for any other purposes, provided the risk was not thereby increased. If the building, at the time of the loss, was occupied or used by the plaintiffs for any of the purposes enumerated in the terms and conditions annexed to the policy, denominated hazardous, extra hazardous or specially hazardous, it would avoid the policy.
Under the head of “ specially hazardous” is mentioned the business of “ ropemakers,” and the defendants contend, that the evidence shows the condition in that respect to have been violated by the plaintiffs. The building contained four stories; the basement and story next above were used for storing hemp and nothing else. The third story was used for a jenny-house, where hemp was spun into yarn for the purpose of being manufactured into ropes, and the fourth story or attic was used for hackling the hemp and preparing it for the jennies. Did that constitute ropemaking or carrying on the trade of ropemakers ? It seems to me, it did not. The yarn might be spun there, and sent anywhere else to be manufactured into ropes. It was never in fact made into ropes in that building, but was uniformly sent to the plaintiffs’ ropewalks near by, to be thus manufactured. This was a distinct business, as really so as was the raising and gathering of the hemp; or as manufacturing shoes and boots *would be a dis- r ^ tinct business from tanning and manufacturing *- ' leather. Evidence of usage was given on this question, which was fairly submitted to the jury, and the propriety of their verdict upon the evidence cannot be reviewed by this court. I think, the judgment should be affirmed.
Judgment reversed, and new trial awarded.[1]